**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEPHEN JAMES WINEGEART,

Plaintiff-Appellant,

v.

AMERICAN ALTERNATIVE
INSURANCE CORPORATION,

Defendant-Appellee.

No. 06-8048
(D.C. No. 05-CV-227-ABJ)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **BRORBY**, and **McCONNELL**, Circuit Judges.

---

Stephen James Winegeart appeals the district court's decision to deny him
summary judgment and instead grant summary judgment to American Alternative
Insurance Corporation (AAIC) in this insurance coverage dispute. We have
jurisdiction under 28 U.S.C. § 1291, and we AFFIRM.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Winegeart is a volunteer fireman for Laramie County Fire District #1. In April 2004, he drove an official Chevrolet Suburban, which was covered by an AAIC auto policy, to the site of an automobile accident. While he was walking away from his vehicle toward the cars involved in the accident, he was struck and injured by a passing car. After settling with the driver's insurer for the limits of her policy, he made a claim under the uninsured/underinsured motorist provisions of the fire district's AAIC policy. AAIC denied the claim, and Mr. Winegeart sued in Wyoming state court. AAIC removed the case to federal district court, and the parties each filed a motion for summary judgment.

The uninsured/underinsured motorist endorsement to the AAIC policy provides coverage only to those persons who were "occupying" a covered vehicle. Aplt. App. at 89-90, ¶ B.2.a. Mr. Winegeart argued that Wyoming law and public policy required the district court to reform the policy to provide coverage coextensive to that offered under the general portions of the policy, that is, coverage for anyone "using" the covered vehicle with permission. *Id.* at 80, ¶ II.A.1.b. The district court declined to reform the policy because the applicable statute, Wyoming Stat. Ann. § 31-10-101, addresses only uninsured motorist coverage and does not require underinsured motorist coverage. It further declined to hold that the policy was ambiguous, which would allow Mr. Winegeart to invoke Wyoming's doctrine of reasonable expectations. Instead, it held that the

-2-

plain language of the policy controlled, so that underinsured motorist coverage was limited to persons "occupying" the insured vehicle. Because the court concluded that Mr. Winegeart was not "occupying" the vehicle when he was injured, it denied his motion for summary judgment and granted AAIC's summary judgment motion. Mr. Winegeart appeals.

II.

On appeal, Mr. Winegeart requests that we certify the pertinent questions of Wyoming law to the Wyoming Supreme Court. We have noted, however, that "[w]e generally will not certify questions to a state supreme court when the requesting party seeks certification only after having received an adverse decision from the district court." *Massengale v. Okla. Bd. Of Exam'rs in Optometry*, 30 F.3d 1325, 1331 (10th Cir. 1994). Mr. Winegeart did not seek certification until after he reached this court, well after the district court's decision. We conclude that certification is not merited here and deny the motion to certify.

In diversity cases, the substantive law of the forum state governs the analysis of the underlying claims, but federal law controls the ultimate procedural determination of the propriety of the district court's grant of summary judgment. *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016 (10th Cir. 2001). Accordingly, we apply Wyoming law to the substantive issues on appeal, and we review the district court's grant of summary judgment de novo. *Mena v. Safeco Ins. Co.*, 412 F.3d 1159, 1163-64 (10th Cir. 2005).

It is undisputed that the driver who injured Mr. Winegeart was an underinsured motorist. As he did in the district court, Mr. Winegeart argues on appeal that the AAIC policy lumps underinsured motorist coverage together with uninsured motorist coverage and that under Wyoming law and public policy, AAIC cannot restrict uninsured motorist coverage to those persons "occupying" the vehicle, but instead must offer such coverage for all persons insured under the general liability portions of the policy. Therefore, he concludes, he is entitled to underinsured motorist coverage, as he was using the Suburban with the fire district's permission.

Mr. Winegeart seeks reformation of the policy in light of Wyoming Stat. Ann. § 31-10-101. If he had been struck by an *uninsured* motorist, his argument might be persuasive, because § 31-10-101 does require insurers to offer uninsured motorist coverage "for the protection of persons insured thereunder," (that is, persons insured under the policy). Other courts have construed similar language as mandating uninsured/underinsured motorist coverage coextensive to the coverage provided by the general liability portion of the policy and have held that an insurer could not limit uninsured/underinsured motorist coverage to persons "occupying" the insured vehicle. *See Georgeson v. Fid. & Guar. Ins. Co.*, 48 F. Supp. 2d 1262, 1266 (D. Mont. 1998); *Allied Mut. Ins. Co. v. Action Elec. Co.*, 593 N.W.2d 275, 280 (Neb. 1999); *Aetna Cas. & Sur. Co. v. McMichael*, 906 P.2d 92, 96 (Colo. 1995). But Mr. Winegeart was injured by an *underinsured*

-4-

motorist.  Unlike many other states, Wyoming does not require insurers to offer underinsured motorist coverage, just uninsured motorist coverage.  *See* Wyo. Stat. Ann. §§ 31-10-101 to 31-10-104; *Farmers Ins. Exch. v. Williams*, 823 F. Supp. 927, 931 (D. Wyo. 1992), *aff'd*, No. 92-8052, 1993 WL 152695 (10th Cir. May 10, 1993) (unpublished).  This lack of statutory guidance distinguishes this case from *Action Electric Co.* and *McMichael*, both of which were decided in states that require insurers to offer underinsured motorist coverage as well as uninsured motorist coverage.  *Action Elec. Co.*, 593 N.W.2d at 279; *McMichael*, 906 P.2d at 96 (citing Colo. Rev. Stat. § 10-4-609).  *Georgeson* is inapplicable factually, as it involved an uninsured motorist.  48 F. Supp. 2d at 1263.

In short, in contrast to its statutory mandate regarding uninsured motorist coverage, Wyoming has chosen to allow insurers to offer underinsured motorist coverage on whatever terms that they see fit, or even not to offer such coverage at all.  In these circumstances, notwithstanding the policy's inclusion of underinsured motorist coverage with uninsured motorist coverage, there is no basis for this court to reform the fire district's policy and require AAIC to offer coverage for injuries caused by an underinsured motorist on terms more generous than those set forth in the endorsement.  "If the legislature intends a contrary result, it can supply the requirement by express statute, showing its clear intent, and recognizing the underwriting principle and costs which result." *Comm. Union Ins. Co. v. Stamper*, 732 P.2d 534, 538 (Wyo. 1987).

The AAIC policy is not contrary to Wyoming law or public policy, nor is it ambiguous with regard to the scope of underinsured motorist coverage. Thus, under Wyoming law it should be enforced according to its terms. *Id.* at 538-39; *see also St. Paul Fire and Marine Ins. Co. v. Albany County Sch. Dist. No. 1*, 763 P.2d 1255, 1262-63 (Wyo. 1988) (declining to adopt the doctrine of reasonable expectations where an insurance contract was not ambiguous). The endorsement's plain language indicates that where the "Named Insured" is an entity, then the term "insured" includes "[a]nyone 'occupying' a covered 'auto'." Aplt. App. at 89-90, ¶ B.2.a. The district court concluded that Mr. Winegeart was not "occupying" the Suburban at the time of the accident, and Mr. Winegeart makes no argument to the contrary on appeal. Thus, he has waived any such argument. *Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) ("Issues not raised in the opening brief are deemed abandoned or waived."). The district court's decision shall stand.

III.

The Motion to Certify Issue to the Wyoming Supreme Court is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Circuit Judge